UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **NELCINA MOORE ET AL.** | * | **CIVIL ACTION NO. 16-1477** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for insufficient service of process, FED.R.CIV.P. 12(b)(5) [doc. #3], filed by Defendants, Spirit Commercial Auto Risk Retention Group ("Spirit"), Eduard Sirbu, and Orozco Trucking, Inc. ("Orozco") (collectively referred to as "Defendants"). For reasons explained below, it is recommended that the motion be **GRANTED in part** and **DENIED in part** and that Plaintiffs' petition against Orozco be **DISMISSED WITHOUT PREJUDICE**.

### Background

On September 22, 2016, Nelcina Moore and Lessel Foster filed the instant wrongful death and survival action in the Second Judicial District, Parish of Jackson, Louisiana, against Defendants. [doc. #1, Exh. 1]. Plaintiffs allege that on September 22, 2015, Sirbu struck a rental vehicle driven by Kenyatta Moore, killing her and her two minor children, while he was driving an 18-wheeler in the course of his employment as a truck driver with Orozco. *Id.*

On October 21, 2016, Defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. #1]. Defendants, via counsel, simultaneously filed a motion to dismiss for insufficient service of process. [doc. #3]. Plaintiffs did not file an opposition, and the undersigned issued a Report and Recommendation on December 22, 2016,

recommending dismissal without prejudice against all Defendants. [doc. #11]. In an objection to that Report and Recommendation, Plaintiffs filed documents reflecting timely service on Spirit and Eduard Sirbu. [docs. #12, #13]. Accordingly, on January 17, 2017, the undersigned issued an order vacating the December 22, 2016, Report and Recommendation and requiring Defendants to file a response addressing the sufficiency of service in light of the newly supplied service documents by Plaintiffs. [doc. #17]. Now before the court is Defendants' response to that order. [doc. #18].

Defendants agree that Eduard Sirbu and Spirit have been timely served, and both of those defendants have since filed an answer in this matter. *Id.* However, defendant Orozco Trucking Inc. remains unserved. Thus, Orozco now re-asserts and re-avers its Rule 12(b)(5) Motion to Dismiss for Insufficient of Service of Process. [doc. #3]. This matter is before the Court.

## **Analysis**

Rule 4 of the Federal Rules of Civil Procedure provides that a domestic corporation, partnership, or association (if being served in the United States) must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

FED. R. CIV. P. 4(h).

Rule 4 further provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

FED. R. CIV. P. 4(m).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not properly served in the appropriate manner. *Gartin v. Par Pharmaceutical Co., Inc.*, 289 Fed. App'x 688, 691 n. 3 (5th Cir. 2008) (noting that Rule 12(b)(4) motions concern the form of process, while Rule 12(b)(5) motions challenge the mode, manner, or lack of delivery). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Good cause under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (internal citation omitted). Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs originally attempted to serve all Defendants with the complaint and summons at defense counsel's office—a method of service not sanctioned by Rule 4. Defense counsel is not a listed agent for service of process for any of the named Defendants. [doc. #3, p. 2]. Via objection to the court's December 22, 2016, Report and Recommendation, Plaintiffs supplied documents showing that they served Eduard Sirbu and Spirit via certified mail in a timely fashion. However, Plaintiffs failed to demonstrate that they timely served Orozco using a method approved by Rule

3

4, and Plaintiffs have provided no reason or justification for failing to do so. Thus, Plaintiffs have not shown good cause for their failure to timely serve Orozco in accordance with Rule 4. Accordingly,

IT IS RECOMMENDED that the motion to dismiss for insufficient service of process, FED.R.CIV.P. 12(b)(5) [doc. #3], filed by Defendants, Spirit Commercial Auto Risk Retention Group, Eduard Sirbu, and Orozco Trucking, Inc., be GRANTED as to defendant Orozco Trucking Inc. and that Plaintiffs' petition against Orozco be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion to dismiss be DENIED as to Defendants Eduard Sirbu and Spirit Commercial Auto Risk Retention Group.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of February 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE