UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

NELCINA MOORE ET AL.            *      DOCKET NO. 16-1477

VERSUS                            *      JUDGE ROBERT G. JAMES

SPIRIT COMMERCIAL R R GROUP     *      MAG. JUDGE KAREN L. HAYES
ET AL.

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed[1] motion to dismiss for failure to comply with discovery order [doc #27] filed by Defendants Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit") and Eduard Sirbu.[2] After considering the motion and the record as a whole, the undersigned recommends that the motion be granted, and that the case be dismissed.

## Background

On March 31, 2017, Defendants served Plaintiffs Nelcina Moore and Lessel Foster with a First Set of Interrogatories and Requests for Production. [doc. #24, Exh. A]. On March 22, 2017, Defendants served Plaintiffs with a Second Set of Interrogatories and Requests for Production. *Id.* Exh. B. Defendants scheduled a discovery conference for May 17, 2017, at which time Plaintiffs promised responses by May 26, 2017. *Id.* at 2; Exh. C. Plaintiffs failed to respond to Defendants' discovery requests and Defendants filed a motion to compel [doc #24] on June 12, 2017.

---

[1] The motion to dismiss was filed on August 10, 2017. Any response to the motion was due on August 31, 2017. [doc. #285]. The foregoing period has since elapsed, and no response has been filed. Accordingly, the motion is deemed unopposed. *See id.*

[2] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Plaintiffs did not respond to the motion to compel. On July 11, 2017, the court entered an order granting the motion to compel and directing Plaintiffs to respond to Defendants' discovery requests within 15 days of the order and to pay Defendants' attorneys' fees of $500.00.

On August 10, 2017, Defendants filed the instant motion to dismiss. Defendants assert that Plaintiffs have neither paid Defendants $500.00 nor responded to their discovery requests. Defendants request entry of an order dismissing this case pursuant to Rule 37(b)(2)(A)(v). Plaintiffs did not respond to the motion to dismiss. Plaintiffs have failed to provide any justification for failing to so respond, and have not formally sought an extension of time in which to do so.

## Discussion

Federal Rule of Civil Procedure 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Such further just orders include an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The sanction of dismissal pursuant to Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

To the extent that the applicable statute of limitations may bar plaintiffs from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). "A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lessor sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)

(quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)) (internal quotations omitted). Because dismissal is a serious sanction that implicates due process, *see e.g. FDIC v. Conner*, 20 F.3d 137G, 1380 (5th Cir. 1994), "'[t]he imposition of a sanction without a prior warning is generally to be avoided.'" *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (quoting *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988)).

Moreover, the U.S. Court of Appeals for the Fifth Circuit has noted that, where it has affirmed dismissals with prejudice, "'it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plantiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Under the circumstances of this case, the undersigned concludes that Plaintiffs' case should be dismissed. As discussed above, Plaintiffs have failed to cooperate in discovery, ignored the court's orders to provide discovery and pay attorneys' fees, and failed to provide any reasonable justification for their actions. In so doing, they have prejudiced Defendants' ability to defend against their allegations. Since Plaintiffs have previously ignored the court's order directing payment of attorney fees, it is unlikely that an alternative monetary sanction would elicit their participation. Moreover, dismissal may be the least sanction where, as here, there is every indication that Plaintiffs no longer wish to pursue their cause of action.[3]

In addition, Plaintiffs' counsel is hereby ORDERED to provide his clients with a copy of this report and recommendation forthwith, so plaintiffs will be undisputedly personally aware of the recommended dismissal of their case for failure to comply with court order(s).

---

[3] Plaintiffs have not filed anything with the court since January 6, 2017 and do not oppose the instant motion to dismiss. If Plaintiffs dispute the court's inference, they may file a timely objection to this report and recommendation.

For the foregoing reasons,

IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED and plaintiffs' complaint be DISMISSED in accordance with the provisions of Fed. R. Civ. P. 37(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 7th day of September 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE